SD:MMH
F. #2018R02355/NY-NYE-800

DONNELLY, J.
TISCIONE, M.J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 10 2019 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

YONNY CANO LINARES,
also known as "Llanero,"

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. CR 19 316
(T. 18, U.S.C., §§ 924(c)(1)(A)(i),
924(c)(1)(A)(ii), 924(c)(1)(A)(iii),
924(c)(1)(B)(ii), 924(d)(1), 3238, 2 and
3551 et seq.; T. 21, U.S.C., §§ 848(a),
848(c), 853(a), 853(p) and 970; T. 28,
U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

1.      The CLAN DEL GOLFO Drug Trafficking Organization (the "CDG"), formerly known as "Los Urabeños" and "Clan Usuga," was a cocaine trafficking and paramilitary organization based in Urubá, Colombia.

2.      The CDG was involved in multi-ton shipments of cocaine from Colombia to Mexico and Central America for ultimate importation into the United States. The CDG coordinated the production, purchase and transfer of shipments of cocaine, as well as the receipt of shipments of cocaine in Mexico and Central America. The CDG also controlled territory in various areas in Colombia and imposed a "tax" on any drug traffickers operating in regions under the CDG control. Specifically, the CDG charged a set fee for

every kilogram of cocaine that was manufactured, stored or transported through areas controlled by the CDG.

3. The CDG also employed "sicarios," or hitmen, who carried out various acts of violence, including murders, assaults, kidnappings and assassinations. The CDG utilized these acts of violence to collect drug debts, maintain discipline, control and expand drug territory and to promote and enhance the prestige, reputation and position of the organization.

4. The defendant YONNY CANO LINARES, also known as "Llanero," was a supervisor of the CDG in charge of collecting drug taxes and debts owed to the CDG, managing armed combatants and maintaining CDG's control over specific territorial areas within Colombia.

COUNT ONE
(Continuing Criminal Enterprise)

5. The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

6. In or about and between January 2010 and September 2014, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant YONNY CANO LINARES, also known as "Llanero," together with others, did knowingly and intentionally engage in a continuing criminal enterprise, in that the defendant committed violations of Title 21, United States Code, Sections 846, 848(e), 959(a), 960 and 963, including Violations One through Nine set forth below, which violations were part of a continuing series of violations of those statutes undertaken by the defendant in concert with five or more other persons with respect to whom the defendant

occupied a supervisory and management position, and from which continuing series of violations the defendant obtained substantial income and resources. The continuing series of violations, as defined by Title 21, United States Code, Section 848(c), included Violations One through Nine set forth below:

<u>Violation One</u>
(International Cocaine Manufacturing and Distribution Conspiracy)

7. In or about and between January 2010 and September 2014, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant YONNY CANO LINARES, also known as "Llanero," together with others, did knowingly and intentionally conspire to manufacture and distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3), 960(b)(1)(B)(ii) and 963.

<u>Violations Two Through Eight</u>
(International Cocaine Distribution)

8. In or about and between the dates listed below, all dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant YONNY CANO LINARES, also known as "Llanero," together with others, did knowingly and intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved a substance containing cocaine, a Schedule II controlled

substance, in the amounts listed below, in violation of Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2:

| VIOLATION NUMBER | APPROXIMATE AMOUNT OF COCAINE | DATE(S) OF OFFENSE |
|---|---|---|
| 2 | 2,000 kilograms | June 2011 |
| 3 | 1,655 kilograms | September 2011 |
| 4 | 1,400 kilograms | January 2012 |
| 5 | 2,200 kilograms | February 2014 |
| 6 | 3,250 kilograms | February 2014 – June 2014 |
| 7 | 2,200 kilograms | June 2014 |
| 8 | 2,200 kilograms | September 2014 |

Violation Nine
(Murder Conspiracy – Rival Drug Traffickers)

9. In or about and between January 2010 and September 2014, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant YONNY CANO LINARES, also known as "Llanero," together with others, while engaged in one or more offenses punishable under Section 960(b)(1) of Title 21 of the United States Code, to wit: the crimes charged in Violations One through Eight, did knowingly and intentionally conspire to kill and cause the intentional killing of one or more persons, to wit: leaders, members and associates of rival drug trafficking organizations, and such killings did result, in violation of Title 21, United States Code, Sections 848(e)(1)(A) and 846.

(Title 21, United States Code, Sections 848(a) and 848(c); Title 18, United States Code, Sections 2, 3238 and 3551 et seq.)

## COUNT TWO
(Use of Firearms in Furtherance of Drug Trafficking)

10. The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

11. In or about and between January 2010 and September 2014, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant YONNY CANO LINARES, also known as "Llanero," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a drug trafficking crime, to wit: the crime charged in Count One, and did knowingly and intentionally possess such firearms in furtherance of said drug trafficking crime, one or more of which firearms was brandished and discharged and one or more of which firearms was a machinegun.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(c)(1)(B)(ii), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT ONE

12. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 21, United States Code, Sections 853(a) and 970, which require any person convicted of such offense to forfeit: (a) any property constituting, or derived from, any proceeds obtained directly or indirectly as the result of such offense; (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense and (c) any of his interest in, claims against and property or contractual rights affording a source of control over, the continuing criminal enterprise.

13. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a), 853(p) and 970)

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT TWO

14. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count Two, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 924, or willful violation of any other criminal law of the United States.

15. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

  (c) has been placed beyond the jurisdiction of the court;

  (d) has been substantially diminished in value; or

  (e) has been commingled with other property which cannot divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

  (Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

F.#: 2018R02355/NY-NYE-800

FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

YONNY CANO LINARES, *also known as* "Llanero,"

Defendant.

# INDICTMENT

(T. 18, U.S.C., §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(c)(1)(B)(ii), 924(d)(1), 3238, 2 and 3551 *et* seq.; T. 21, U.S.C., §§ 848(a), 848(c), 853(a), 853(p) and 970; T. 28, U.S.C., § 2461(c))

*A true bill.*

_____ /s/ Jeanne Turner
                                              *Foreperson*

*Filed in open court this* _____ *day,*
*of* _____ *A.D. 20* _____

_____
                                              *Clerk*

*Bail, $* _____

*Marcia M. Henry, Assistant U.S. Attorney (718) 254-6393*